Mark L. Williams, Esq. Arizona Bar # 022096 Admitted Pro Hac Vice
LAW OFFICE OF MARK L. WILLIAMS
969 N. Grand Ave. #2
Nogales, AZ 85621
Tel: (520) 287-4500
Email: markwilliamsesq@yahoo.com

Grant L. Eddy, Esq. SBN 40777 Designated Associate Local Counsel
Post Office Box 17007
San Diego, CA 92177
Tel: 619-733-9133
Email: grantleddy@yahoo.com

Attorney for Defendant
Victor Sebastian Herrera-Castro

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 19-CR-00296-H-1 |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| VICTOR SEBASTIAN HERRERA-CASTRO (1), | |
| Defendant. | HEARING DATE: 3/9/2026 HEARING TIME: 9:00A.M. |

COMES NOW the Defendant Victor Sebastian Herrera-Castro (hereinafter "Victor"), by and through his undersigned counsel, and hereby respectfully submits his sentencing memorandum.

On October 3, 2025, Victor entered a guilty plea to Count One of the Indictment Conspiracy to Manufacture and Distribute Heroin (21 U.S.C. §§ 959, 960, and 963).

1

19-CR-00296-H-1

Victor requests that this Court impose a sentence of 18 months of custody pursuant to a variance authorized by 18 U.S.C. §3553(a).

Victor has been married for 8 years and has a 7 year-old child. His wife has 2 children from a previous relationship and Victor is like a father to them. Victor is in good physical and mental condition. He has a high school diploma, completed 4 semesters of law school in Mexico, and has no substance abuse issues.

Victor will be deported when he finishes his sentence, he does not pose a danger to society, and will be forever barred from every returning to the U.S.

Victor has no prior criminal history.

There is no victim in this case.

Six to eight years ago, Victor was involved with manufacturing and distributing 10 kilograms or more of Heroin into the U.S.

Victor is remorseful for his conduct, regrets it, apologizes for it, and accepts responsibility for it.

Victor would like to become a better person for himself, his wife, his children, his family, and for society.

A character letter from Missael Lopez, a cousin of Victor, has been concurrently submitted which documents that Victor has been a responsible father, that Victor's three children deeply depend on him, need him, and are struggling without him, Victor's absence has created emotional and financial hardship for his family, Victor from a young age carried significant responsibility due to his father's absence.

19-CR-00296-H-1

**Summary of Plea Agreement.**

A summary of the plea agreement (Doc. 66) reveals the parties recommend a base offense level of 34 §2D1.1(c)(3) (at least 10 kilograms of heroin), Safety Valve -2 §§2D1.1(18) and 5C1.2, Acceptance of Responsibility -3 §3E1.1, and Early Disposition/Combination of Circumstances -2 §5K2.0. Victor may recommend and request additional downward adjustment, departures, or variances from the sentencing guidelines pursuant to 18 U.S.C. §3553. See Doc. 66 Plea Agreement pages 9 and 10. The Government will recommend Victor be sentenced to the low end of the advisory guideline range recommended by the Government at sentencing.  See Doc. 66 Plea Agreement top of page 11.

**Based Adjusted Offense Level.**

The base level for the conviction is 34. Victor admitted to the manufacture and distribution 10 kilograms or more of heroin.

**Acceptance of Responsibility**.

Victor has fully accepted responsibility for his actions, a three-point downward adjustment pursuant to USSG § 3E1.1(a) is warranted.

**Safety Valve**.

Victor has met the requirements of the United States Attorney's Office for a two-point reduction for Safety Valve relief. A two-point downward adjustment pursuant to USSG §§ 2D1.1(b)(18) and 5C1.2 is warranted.

3

19-CR-00296-H-1

When undersigned counsel received the Presentence Investigation Report (PSR), he contacted AUSA Mr. Mellor who stated that Victor has met the requirements for Safety Valve and he notified the probation officer who prepared the PSR, Ms. Gray via email of Victor's qualification for Safety Valve. Undersigned counsel contacted Ms. Gray and she confirmed that AUSA Mr. Mellor did in fact notify her that Victor qualified for Safety Valve but Mr. Mellor's notification was received shortly after the PSR was filed. Undersigned counsel asked Ms. Gray if she was going to file an Amended PSR or addendum to reflect that Victor does qualify for Safety Valve. Ms. Gray first stated she would but later stated that it wasn't necessary because the PSR reflects the possibility that should Victor qualify for Safety Valve her recommendation would be 70 months of custody. See PSR page 14, ¶91.

Paragraph 91 on page 14 does not take into consideration a two-point downward reduction apparently for Safety Valve. After not being able to contact Ms. Gray, undersigned counsel spoke to the on-duty probation officer on today's date to discuss paragraph 91 on page 14 of the PSR and the Officer agreed that paragraph 91 has left off a further two-point reduction apparently for Safety Valve. That Officer agreed that after all downward reduction were applied the offense level would be 25 and not 27.

**Early Disposition/Combination of Circumstances.**

The parties agreed in the Plea Agreement to recommend a two-point reduction for Early Disposition/Combination of Circumstances. USSG § 5K2.0.

/// ///

4

19-CR-00296-H-1

**Zero-Point Offender.**

Victor meets the criteria at USSG §§4C1.1(a)(1)-(11); therefore, a two-point reduction is warranted. USSG §§4C1.1(a) and (b).

**Total Adjusted Offense Level.**

Victor's Total Adjusted Offense Level is 25. He has zero Criminal History Points and is in Criminal History Category I which yields a guideline range of 57-71 before any requested variance is applied pursuant to 18 U.S.C. §3553.

## SENTENCING REQUEST UNDER 18 U.S.C. §3553(A)

Title 18 U.S.C. §3553 (a) sets forth the factors a district court must consider when imposing a sentence upon a defendant. Section 3553 (a) mandates this Court to impose a sentence "*sufficient, but not greater than necessary,* to comply with the purposes set forth in paragraph (2)." 18 U.S.C. §3553 (a) (emphasis added).

In this case, a balance of all these factors weigh in favor of a sentence of 18 months of custody with 5 years of supervised release for Victor.

**Factors Warranting a Variance:**

In *U.S. v. Ruff*, 535 F.3d 999 (9th Cir. 2008) a variance was granted based in part upon the Defendant's family support.

In *U.S. v. Schroeder*, 536 F.3d 746 (7th Cir. 2008) a variance was granted based upon the effect of the Defendant's absence on a family member.

/// ///

/// ///

19-CR-00296-H-1

In *U.S. v. Autery*, 555 F.3d 864 (9th Cir. 2009) a variance was granted based upon the Defendant's positive characteristics, no history of substance abuse, and family support.

In *U.S. v. Huckins*, 529 F.3d 1312 (10th Cir. 2008) a variance was granted based upon the Defendant's remorse, Defendant worked to improve his life, and the Defendant maintained steady employment. Here, Victor accepts responsibility and is very remorseful for his conduct.

In *U.S. v. Martin*, 520 F.3d 87 (1st Cir. 2008) a variance was granted based upon family support and potential for rehabilitation.

In *United States v. Cook,* F.2d 149, 153 (9th Cir. 1991), the court stated that "[g]iven the Commission's acknowledgement of the 'vast range of human conduct' not encompassed by the Guidelines, a unique combination of factors may constitute the 'circumstance' that mitigates." *Id.* at 153.

Thus, this Court has the discretion to look at the facts unique to each case and to grant a variance from the applicable sentencing range in cases the Court deems to be appropriate.

**Pertinent Policy Statements Weigh in Favor of a Lower Sentence.**

Section 3553(a)(5) requires this Court to consider pertinent policy statements when determining a reasonable sentence. The "overarching" policy in sentencing means that a district Court should "**impose a sentence sufficient, but not greater than necessary**" to

19-CR-00296-H-1

reflect the factors outlined in 18 U.S.C. 3553(a). *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008).

As the Supreme Court explained in *Gall v. United States,* 552 U.S. 36 (2007): ***"[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue***." (quoting *Koon v. United States,* 518 U.S. 81, 113 (1996)).

The PSR states that if Victor qualifies for Safety Valve the guideline range is 70-87 months and probation would recommend 70 months custody. See PSR page 14, ¶91.

Undersigned counsel, as discussed above, believes the PSR writer did not account for a two-point reduction for Safety Valve and submits that the PSR guideline calculation should be a level 25 which for a Criminal History Category I yields a guideline range of 57-71 months.

Pursuant to 18 U.S.C. 3553(a)(4), the guideline sentencing range is but one of the factors that must be considered when determining the appropriate sentence.

"**The Guidelines are not only *not mandatory* on sentencing courts; they are also *not* to be *presumed* reasonable**." [Emphasis added] *Nelson v. U.S.*, 555 U.S. 350, 352, 129 S.Ct. 890, 892 (2009).

Section 3553(a)(6) requires this Court to consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

7

19-CR-00296-H-1

A sentence of 18 months in custody years with 5 years of supervised release meets the requirements of Section 3553(a)(6).

The co-defendant in the case at hand received a sentence of 18 months (Doc. 58) and he had a Criminal History Score of 6 and a Criminal History Category of III (Doc 53).

A sentence of 18 months with 5 years of supervised release is a reasonable sentence for Victor.

Section 3553(a)(7) requires this Court to consider the need to provide restitution to any victim of the offense. Restitution is not applicable because there is no victim.

While in custody Victor has been compliant with the rules imposed on him.

As undersigned counsel reads the Plea Agreement, there would be no provision that prevents the Court *sua sponte* from granting a departure pursuant to U.S.S.G. 5H1.6 Family Ties and Responsibilities.

For the reasons listed herein, a sentence of 18 months of custody with 5 years of supervised release is the most reasonable sentence for Victor in this case.

Looking at the individual (Victor) before the Court, a sentence of 18 months of custody is appropriate given Victor's unique circumstances stated above.

Victor stands before the court because of the mistakes he has made. Victor now knows how wrong he was, and is living with the fear that he will be imprisoned for a long period of time. If Victor is sentenced to a lengthy time in prison his wife and 3 young children will suffer.

19-CR-00296-H-1

Victor was arrested on December 13, 2024 and for the last 452 days (1 year and approximately 3 months) while he has been in custody, and during these proceedings, he has had the opportunity to reflect upon his unlawful conduct and the impact his incarceration and these proceedings have had upon himself, his wife, his children, his family, and his friends.

Victor accepts responsibility for his actions and makes no excuses. The loss of his freedom and court proceedings have affected him, his wife, his children, his family, and his friends as well. He understands he must face the consequences of his actions.

Considering the factors in 18 U.S.C. §3553, Victor respectfully asks for a sentence of 18 months in custody. It is the most reasonable sufficient sentence, but not greater than necessary.

Dated: March 2, 2026                    LAW OFFICE OF MARK L. WILLIAMS

                                        /s/ *Mark L. Williams*
                                        Mark L. Williams, Esq.
                                        Attorney for Defendant
                                        Victor Sebastian Herrera-Castro (D1)

COPY of the foregoing served electronically and/or placed in the U.S. Mail in postage prepaid envelopes this 2nd day of March, 2026 addressed to:

Judicial Assistant for Hon. Marilyn L. Huff
United States District Judge

Joshua Mellor
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101

9

19-CR-00296-H-1

Alice Gray
Senior U.S. Probation Officer
101 West Broadway #700
San Diego, CA 92101-7991

19-CR-00296-H-1